MARY H. RIGGS, as Administratrix of the Estate of CLARENCE B. RIGGS, Deceased, Respondent, *v.* NEW YORK TUNNEL COMPANY, Appellant.

**Negligence — irregular and unexpected explosion of dynamite used in blasting for tunnel — when contractors not liable for death of city inspector caused by such explosion.**

An inspector, employed by the city of New York to examine and report the progress of work done by a contracting company which was constructing a subway under the East river, went forward, with the employees of the contractor, into the tunnel, after firing of a blast, the reports of which indicated that all the dynamite cartridges used had exploded, and after the electric firing

apparatus had been disconnected and the foreman in charge had called out to his own workmen, "It's all over, boys; go in and blow out the smoke," and was killed by a second and unexpected explosion, for which no cause has been shown. *Held,* that the contracting company is not liable, in the absence of evidence that decedent's death was due to negligence in the method or manner of doing the work.

*Riggs* v. *New York Tunnel Co.*, 134 App. Div. 672, reversed.

(Argued April 3, 1911; decided May 9, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 29, 1909, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin Nevins* for appellant. The defendant was not chargeable with negligence because its foreman called out, "It's all over, boys; go in and blow out the smoke," and the fact that the defendant's foreman did so call out a direction to the defendant's employees to clear the atmosphere in the heading did not constitute an invitation to the plaintiff's intestate to enter a place of danger, or any warranty on the part of the defendant that the heading was safe for the plaintiff's intestate to enter in the performance of his duties as a city inspector, or that an inspection of the heading had been made. (*Morris* v. *Brown,* 11 N. Y. Y. 327; *Hutchinson* v. *Parker,* 39 App. Div. 133; *Trapasso* v. *Coleman,* 74 App. Div. 33; *Perry* v. *Rogers,* 157 N. Y. 251; *Capasso* v. *Woolfolk,* 163 N. Y. 472; *Miller* v. *W. S. Co.,* 61 Ill. App. 662; *Poorman Silver Mine* v. *Devlin,* 80 Pac. Rep. 252.) The plaintiff failed to show any negligence on the part of the defendant in the manner or method of conducting its blasting operations. (*Laidlaw* v. *Sage,* 158 N. Y. 73; *Hickok* v. *A. L. H. & P. Co.* 200 N. Y. 464; *Connor* v. *M. S. Ry. Co.,* 48 App. Div. 580.)

*Don R. Almy* for respondent. Defendant's foreman was negligent in representing to " the boys " that the heading was " all right," or that the explosion was " all over " and that it was safe " to go in and blow out the smoke," when he had made no inspection to determine whether it was all right or not, and before sufficient time had elapsed to warrant such an assumption in the light of his experience. (*Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 234; *Beecher* v. *L. I. R. R. Co.*, 161 N. Y. 222; *Bownes* v. *Cushman*, 55 App. Div. 45; 4 Thomp. on Neg. 395, § 4211; *R. R. Co.* v. *Strotz*, 47 Ill. App. 343; *Hopkins* v. *O'Leary*, 176 Mass. 258; *Toppi* v. *McDonald*, 128 App. Div. 443.) Defendant's foreman was guilty of negligence in firing ten charges of dynamite in close proximity to twenty other charges completely loaded and capped, the exposed bare ends of the firing wires being merely rolled up and tucked into the open ends of the holes. (*Marino* v. *Lehmaier*, 173 N. Y. 530; *Donnelly* v. *City of Rochester*, 166 N. Y. 315; *Graham* v. *Manhattan R. Co.*, 149 N. Y. 336; *McRickard* v. *Flint*, 114 N. Y. 222; *Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Ludwig* v. *M. S. Ry. Co.*, 71 App. Div. 210; *Volkmar* v. *M. R. R. Co.*, 134 N. Y. 418; *Eastland* v. *Clarke*, 165 N. Y. 420; *O'Flaherty* v. *N. E. Ry. Co.*, 24 App. Div. 74; *Earl* v. *Crouch*, 16 N. Y. Supp. 770.)

WILLARD BARTLETT, J. This is an action to recover damages for negligently causing the death of the plaintiff's intestate, who was killed in the subway under the East river, while it was in process of construction, by the unexpected explosion of a charge of dynamite in the course of the blasting necessary in doing the work, which was being carried on by the defendant. The plaintiff's intestate was an inspector employed by the city of New York, who was charged with the duty of reporting the progress of the work in the tunnel at the end of each shift of workmen, and who also at the end of each month

measured the entire quantity of work done during that month. There is no doubt that he was lawfully in the tunnel at the time of the fatal explosion. Whether he was properly in the place where he was when killed is a question which it is not necessary to decide. However that may be, we concur with the dissenting member of the Appellate Division in the opinion that the record does not contain proof sufficient to sustain a verdict that the defendant was negligent in its method or manner of doing the work.

The defendant's agents and servants had fired a blast which gave out a report that indicated the complete explosion of all the dynamite cartridges which had been inserted in the heading of the tunnel. They then disconnected the electric firing apparatus and the defendant's foreman in charge of the blasting called out to his own workmen, "It's all over, boys; go in and blow out the smoke." That portion of the tunnel into which they were thus directed to go was filled with a dense volume of smoke and gas, so that, although the workmen carried candles, they could hardly see one another. The plaintiff's intestate advanced toward the heading with the defendant's employees, who were carrying forward a hose with which to blow out the smoke and gas, when a second explosion occurred, by which he and several others were fatally injured.

We can discover nothing in the evidence which points to any negligence on the part of the defendant toward the plaintiff's intestate. It is argued that the defendant's foreman was negligent in representing to the "boys" that the explosion was "all over." This representation, however, was not made to the unfortunate inspector; it was expressly addressed only to the employees of the defendant, and did not call upon the plaintiff's intestate to take any action whatever. Indeed, the conditions in that part of the tunnel at that time were such as rendered it impossible for him then to make any measurements until the smoke and gas should have been cleared

out; so that the defendant's foreman could have had no rea-
son to suppose that the inspector's movements would be in
anywise influenced by his words.   It may be that what he
thus said in the hearing of the inspector was such an assur-
ance of safety as to free the latter from any imputation of
contributory negligence in going forward when and where
he did; but that mistaken assurance, addressed only to his
own gang of workmen, cannot be regarded as an act of
negligence on his part toward the plaintiff's intestate for
which his principal can be held responsible.

It is further contended in behalf of the plaintiff that
the method employed by the defendant in loading and
firing the two series of blast holes made in the face of the
heading was essentially improper and dangerous; and
this proposition is pressed upon us with much elaboration
and detail.   It is enough to say in regard to it that how-
ever defective, objectionable or unsafe the method may
have been, there is not a particle of evidence to show that
the explosion which killed the plaintiff's intestate was
due to any feature in the manner of doing the work
which is now criticised by plaintiff's counsel.   The sys-
tem may have been objectionable, but it is not shown
that its objectionable character had anything to do with
the death of the inspector.

Another basis for the imputation of negligence is found
by counsel in the failure of the defendant's foreman to
do more than he did to ascertain that all the cartridges
had been exploded before he directed his men to proceed
and clear out the smoke and gas.   It appears, however,
as already stated, that the electric connections by which
the blasts were fired had been severed before this direc-
tion was given, and that the sound of the blast indicated
that all the cartridges had gone off.   Even if some
remained unexploded, the foreman had no reason to sup-
pose that they would explode thereafter in the absence of
the application of electricity, or any other force, while his
men were blowing out the noxious vapors near the head-

ing. Indeed, the proof fails to suggest any plausible explanation as to the cause of the fatal explosion.

For these reasons, in addition to those stated by Mr. Justice JENKS in the dissenting opinion below, we think that the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.